Filed 11/6/23  P. v. Medrano CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN GILBERTO MEDRANO,<br><br>    Defendant and Appellant. | B322290<br><br>(Los Angeles County<br>Super. Ct. No. BA364189) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Reversed and remanded, with directions.

Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Appellant Juan Gilberto Medrano appeals from the denial, at the prima facie stage of review, of a post-conviction petition for resentencing pursuant to Penal Code section 1172.6 (former section 1170.95).[1]  He stands convicted of two counts of murder.  The killings occurred during a fight that broke out between appellant and his friend, Salvador Ayala, on one side, and Ayala's neighbors, Javier Mejia and Raul Deras, on the other.  By the time the altercation ended, both Mejia and Ayala were dead.  Appellant was convicted of second degree murder of both men and of assault by means likely to produce great bodily injury as to Deras.

On appeal, appellant argues and respondent concedes the trial court erred in summarily denying section 1172.6 relief because jury instructions on an uncharged conspiracy allowed the jury to convict appellant of both murders based on the natural and probable consequences doctrine.  We accept respondent's concession and accordingly reverse and remand for further proceedings in the trial court.

## BACKGROUND

In 2012, a jury convicted appellant of second degree murder (§ 187), involving victims Mejia and Ayala, and also found appellant guilty of assault by means likely to cause great bodily injury (§ 245) against victim Deras.  The jury found not true allegations that appellant personally used a knife (§ 12022, subd. (b)(1)) and committed multiple murders within the meaning of section 190.2, subdivision (a)(3).  The trial court sentenced appellant to an

---

[1]      Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10).  We hereafter cite to section 1172.6 for ease of reference.  Undesignated statutory references are to the Penal Code.

aggregate term of 33 years to life. In 2014, this court affirmed appellant's convictions on direct appeal. (*People v. Medrano* (Aug. 21, 2014, B247087) [nonpub. opn.].)

In July 2020, appellant filed a petition for resentencing under section 1172.6. The trial court appointed counsel to represent appellant and set a prima facie hearing.

On June 28, 2022, the trial court found appellant failed to state a prima facie case for relief and denied the petition. The court determined appellant was not entitled to relief because the jury was not instructed on either felony murder[2] or the natural and probable consequences doctrine. The court acknowledged there was "language concerning natural and probable consequences" in the conspiracy instruction, CALCRIM [No.] 416, and in the implied malice instruction, CALCRIM [No.] 520, but concluded the use of this language "doesn't necessarily mean the doctrine itself is involved."

Appellant timely appealed.

## DISCUSSION

### A.    Section 1172.6

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437) limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder to ensure that a person's sentence is commensurate with his or her individual criminal culpability. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*); see also *People v. Lewis* (2021) 11 Cal.5th 952, 957, 971 (*Lewis*).) To that end, and as relevant here, SB 1437 amended

---

[2]     The parties agree the prosecution did not pursue a felony murder theory in this case.

3

section 188, subdivision (a)(3) to require that all principals to murder must act with express or implied malice. (Stats. 2018, ch. 1015, §§ 1, 188, subd. (a)(3) ["[m]alice shall not be imputed to a person based solely on his or her participation in a crime"]; *Gentile, supra,* 10 Cal.5th at pp. 842–843, 851.)

SB 1437 also added section 1172.6, providing a procedure for defendants whose cases are final to seek retroactive relief by petitioning the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1172.6, subd. (a).) Section 1172.6, subdivisions (b)(3) and (c) require the court to appoint counsel for all properly pleaded petitions and then conduct a prima facie analysis, with briefing by the parties, as to the petitioner's eligibility before determining whether to issue an order to show cause at a later evidentiary hearing. (§ 1172.6, subds. (b)(3), (c); *Lewis, supra,* 11 Cal.5th at pp. 961–970.)

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*People v. Lewis, supra,* 11 Cal.5th at p. 972, internal citation omitted.) "Rather, it should decide such issues only after issuing an order to show cause and holding an evidentiary hearing." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 811.)

## B.    Jury Instructions Given at Trial

At appellant's trial, the jury was instructed on various theories of murder liability.[3] Under one theory, the jury could find appellant guilty of the murders if he joined in a conspiracy to

---

[3]    As indicated in subsection C, *post,* the record does not establish the jury *necessarily* based its verdicts on any instructions or theory other than the uncharged conspiracy instruction.

4

commit assault with a deadly weapon and murder was a natural and probable consequence of that target crime. In other words, appellant could be found guilty of the murders if they were the natural and probable consequences of an assault with a deadly weapon committed by a coconspirator. The relevant jury instructions, CALCRIM No. 417 and CALJIC No. 417, as given, stated:

> "417. A member of a conspiracy is criminally responsible for the crimes he or she conspires to commit no matter which member of the conspiracy commits the crime.
>
> A member of the conspiracy is also criminally responsible for any act of any member of the conspiracy if that act is done to further the conspiracy and that act is a natural and probable consequence of the common plan or design of the conspiracy.
>
> This rule applies even if the act was not intended as part of the original plan.
>
> A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all the circumstances established by the evidence.
> A member of a conspiracy is not criminally responsible for the act of another member if that act does not further

5

the common plan or is not a natural and probable consequence of the common plan.

To prove that the defendant is guilty of the crimes charge in counts [one] and [two] [the murder charges], the People must prove that number 1, the defendant conspired to commit one of the following crimes:

Assault with a deadly or dangerous weapon.

Number 2. A member of the conspiracy committed assault, assault with a deadly or dangerous weapon to further the conspiracy.

Number 3. Murder was a natural and probable consequence of the common plan or design of the crime that the defendant conspired to commit."[4]

## C.   Summary Denial of Appellant's Section 1172.6 Petition Was Reversible Error

The trial court erred in denying the petition at the prima facie stage. Although the jury was not instructed on the natural and probable consequences doctrine as it applied to a theory of aiding and abetting, it was instructed on that same theory as applied to another theory of vicarious liability, conspiracy. And while the People argued below, citing *Gentile*, *supra,* 10 Cal.5th at p. 844, that conspiracy to commit murder remains a valid theory upon

---

[4]   We previously granted appellant's motion to judicially notice pages 576 through 614 and 698 through 701 of volume 5 of the reporter's transcript in Appeal No. 247087.

which a murder conviction may be based, the jury instructions here were not so limited. Instead, the instructions allowed the jury to impute malice for both murders based on appellant's participation in an uncharged conspiracy to commit an assault with a deadly weapon. (Compare *People v. Offley* (2020) 48 Cal.App.5th 588, 599 [trial court erred in summarily denying resentencing relief where jury was instructed on natural and probable consequences doctrine as part of its instruction on conspiracy liability; jury could have found appellant conspired only to commit assault of which a natural consequence was murder] with *People v. Beck & Cruz* (2019) 8 Cal.5th 548, 645 ["Beck and Cruz were charged with conspiracy *to murder*, not conspiracy to commit a lesser crime that resulted in murder. There is thus no possibility they were found guilty of murder on a natural and probable consequences theory"], original italics.)

Moreover, nothing in the verdicts indicate the jury did not rely on CALCRIM No. 417 but instead on a still-valid theory of murder. The instructions offered the jurors multiple theories and plainly told them they did not have to agree on any one theory: "Where the evidence shows only a single discrete crime [was committed] but leaves room for disagreement as to exactly how the crime was committed or what the defendant's precise role was, you need not unanimously agree on the basis or theory whereby the defendant is guilty." The jury found appellant not guilty of first degree murder, but guilty of second degree murder. In addition, the jury found not true the allegations that appellant personally used a knife. Thus, the record of conviction was insufficient to show that appellant was ineligible for section 1172.6 relief as a matter of law. (See *Lewis, supra,* 11 Cal.5th at pp. 970–972; see also *People v. Langi* (2022) 73 Cal.App.5th 972, 984.)

7

In briefing below, the People argued the section 1172.6 petition should be denied because there was "ample evidence" to support appellant's murder convictions under any of the alternate theories presented.  As acknowledged by respondent, however, this is not a basis from which to conclude the section 1172.6 petition fails as a matter of law at the prima facie stage of review.  Rather, an order to show cause must issue to allow the parties to present and the trial court to consider the evidence.

## DISPOSITION

The order denying appellant's resentencing petition is reversed.  The matter is remanded to the trial court with directions to issue an order to show cause and conduct an evidentiary hearing in accordance with section 1172.6, subdivision (d).


MORI, J.


We concur:


CURREY, P. J.


ZUKIN, J.

8